UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) LORI LEHNHERR-JOHNSON and RYAN ) JOHNSON, as Trustee of the ROY ) JOHNSON FARM TRUST,[1] ) ) Defendants. ) | Case No. 4:25-cv-04172-SLD-RLH |

ORDER

This case is an interpleader action brought by Plaintiff The Lincoln National Life Insurance Company ("Lincoln") against Defendants Lori Lehnherr-Johnson and Ryan Johnson, as trustee of the Roy Johnson Farm Trust. *See* Am. Compl., ECF No. 4. Before the Court is the parties' joint motion to dismiss Lincoln as a party and deposit the disputed funds with the Court, ECF No. 12. For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

In 1999, Lincoln issued a life insurance policy (the "Policy") to Roy Johnson under which a death benefit of $150,000 (the "Policy Benefit") would be paid "In Accordance to Personal Current Will . . . ." Am. Compl. 2–3. The Policy specifically stated that the beneficiary was the "Trustee(s) under the last will and testament of the insured." *Id.* Roy Johnson died on May 2, 2025. His will did not specifically dispose of any life insurance proceeds. The will devises "all of the real estate located in Haw Creek Township, Knox County, Illinois, that [Roy

---

[1] The docket erroneously lists the Roy Johnson Farm Trust as a defendant. The Clerk is directed to terminate it as a party.

1

Johnson] may own at the time of [his] death, to the acting Trustee of the ROY JOHNSON FARM TRUST." Will 1, Am. Compl. Ex. 3, ECF No. 1-3.  Ryan Johnson is the trustee of the Roy Johnson Farm Trust.  Am. Compl. 3.  The will devises "all of the rest, residue and remainder of the property that [Roy Johnson] may own at the time of [his] death, real, personal and mixed and wheresoever and whensoever found, to [his] Wife, LORI L. LEHNHER-JOHNSON, if she shall be living at the time of [his] death."  Will 1.

On May 31, 2025, Lori Lehnherr-Johnson submitted a claim for the Policy Benefit.  *See generally* Claim Form, Am. Compl. Ex. 6., ECF No. 1-6.  On August 18, 2025, Johnson emailed Lincoln asserting that the Policy Benefit was intended to fund the Roy Johnson Farm Trust.  *See generally* Johnson Email, Am. Compl. Ex. 7, ECF No. 1-7.  Because of the competing claims and the associated factual and legal issues, Lincoln claims that it "cannot determine the proper beneficiaries of the Policy Benefit without risking exposure to double liability."  Am. Compl. 3.  To protect itself from the risk of double liability, Lincoln brought this interpleader action.  Defendants each filed an answer that essentially agreed to the facts listed above and disagreed only as to which party is legally entitled to the Policy Benefit.  *See generally* Johnson Ans., ECF No. 7; Lehnherr-Johnson Ans., ECF No. 9.

In the instant motion, Lincoln asks the Court to (1) permit Lincoln to deposit the disputed funds with the Court, (2) dismiss Lincoln from the case with prejudice and discharge it from any further liability under the policy, and (3) enjoin all Defendants from pursuing legal action against Lincoln with respect to the policy or its proceeds.  Mot. Dismiss 1.

## DISCUSSION

### I. Jurisdiction

Lincoln separately relies on 28 U.S.C. § 1332 and 28 U.S.C. § 1335 to establish this Court's jurisdiction. Am. Compl. 2. Federal courts have jurisdiction under § 1335 for statutory interpleader actions only if the claimants to the interpleaded money are "of diverse citizenship." 28 U.S.C. § 1335(a)(1); *Brad v. Stilley*, 142 F.4th 956, 963 (7th Cir. 2025). Lincoln has not alleged diversity of the claimants since both Lehnherr-Johnson and Johnson are alleged to be citizens of Illinois. Am. Compl. 1. However, rule interpleader actions under Federal Rule of Civil Procedure 22 may be brought based on general jurisdictional statutes. *Arnold v. KJD Real Est., LLC*, 752 F.3d 700, 704 (7th Cir. 2014). When relying on the court's diversity jurisdiction, a plaintiff "must demonstrate complete diversity between the plaintiff-stakeholder and the claimant-defendants." *Id.* In this case, complete diversity is established because Lincoln is a citizen of Indiana, where it is incorporated, and Pennsylvania, where it maintains its principal place of business. Am. Compl. 1; 28 U.S.C. § 1332(c)(1). Both claimants are citizens of Illinois. Am. Compl. 1. The amount in controversy is $150,000, *id.* at 3, satisfying the amount-in-controversy requirement for diversity jurisdiction. 28 U.S.C. § 1332(a). The Court accordingly has jurisdiction over this interpleader action under 28 U.S.C. § 1332.

### II. Interpleader Action

"Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008); Fed. R. Civ. P. 22. There are two stages in an interpleader action. First, "the court determines whether interpleader is appropriate by assessing whether the court has jurisdiction over the action, whether the stakeholder actually is threate[ne]d with multiple

liability, and whether any equitable concerns exist regarding the use of interpleader." *Principal Life Ins. Co. v. Noble*, No. 18-CV-4576, 2019 WL 1651750, at *2 (N.D. Ill. Apr. 17, 2019). To establish the threat of multiple liability, the plaintiff need not prove that either claimant might prevail; it need only plead with a "minimal threshold level of substantiality" that "the stakeholder has a real and reasonable fear of double liability or conflicting claims." *Aaron*, 550 F.3d at 663 (quotation marks omitted). If interpleader is appropriate and the stakeholder has no claim to the funds, the stakeholder may deposit the disputed funds with the court and be dismissed from the case. *Principal Life Ins. Co.*, 2019 WL 1651750, at *3. "After a court has determined that interpleader is warranted, the claimants proceed to a second stage in which the merits of their claims are resolved." *Aaron*, 550 F.3d at 663.

    **III.**    **Analysis**

Lincoln's motion involves the first stage of an interpleader action. Having already established the Court's jurisdiction, the only remaining issues are whether Lincoln is threatened with multiple liability and whether any equitable concerns caution against permitting an interpleader action. Both Lehnherr-Johnson and Johnson maintain their rights to the Policy Benefit. *See* Lehnherr-Johnson Ans. 5; Johnson Ans. 5. Both have retained counsel to assert their claims in court. Lincoln is thus reasonably concerned that it faces double liability from conflicting claims. *See Principal Life Ins. Co.*, 2019 WL 1651750, at *3 (finding risk of exposure to double liability based on the claimants' conflicting claims and retention of counsel). Both Lehnherr-Johnson and Johnson further agree that Lincoln has no interest in the Policy Benefit and do not dispute that their competing claims are rightly resolved through an interpleader action. *See* Lehnherr-Johnson Ans. 5; Johnson Ans. 4. There are thus no equitable concerns about the use of interpleader in this case.

The Court therefore finds that an interpleader action is appropriate. Because Lincoln has no interest in the Policy Benefit, it is appropriate for Lincoln to deposit the disputed funds with the Clerk and be dismissed from this case.

## CONCLUSION

Accordingly, the joint motion to dismiss and deposit funds filed by Plaintiff The Lincoln National Life Insurance Company and Defendants Lori Lehnherr-Johnson and Ryan Johnson, as trustee of the Roy Johnson Farm Trust, ECF No. 12, is GRANTED. The Lincoln National Life Insurance Company is DIRECTED to deposit the sum of $150,000.00 with the Clerk of Court. The Clerk is DIRECTED to deposit such funds in an interest-bearing account to hold said funds and accumulated interest pending further distribution as may be ordered by this Court.

Upon receipt of these funds, The Lincoln National Life Insurance Company, as a disinterested stakeholder, shall be DISMISSED from this action with prejudice and DISCHARGED from any further liability under the life insurance policy at issue in this action. It is further ORDERED that Lori Lehnherr-Johnson and Ryan Johnson, as trustee of the Roy Johnson Farm Trust, shall be PERMANENTLY ENJOINED from pursuing any further action of proceedings against Lincoln with respect to the Policy and the Policy Benefit at issue in this action.

Entered this 2nd day of March, 2026.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
